AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| National League of Junior Cotillions, Incorporated ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:06-cv-508 |
| Christy Porter ) | |
| *Defendant* ) | |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __01/07/2010__.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: __02/11/2010__

CLERK OF COURT

*Frank D. Johns*

_____
Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:06-cv-508-RJC-DSC

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature]
Deputy Clerk
Date 2/11/10

NATIONAL LEAGUE OF JUNIOR )
COTILLIONS, INC., )
    Plaintiff, )
                                )      ORDER
v. )
                                )
CHRISTY PORTER & COLORADO )
JUNIOR COTILLION, LLC, )
    Defendants. )
                                )

**THIS MATTER** is before the Court pursuant to plaintiff's motion to confirm arbitration award, for summary judgment as to injunctive relief, and for an award of attorneys' fees and costs (Doc. No. 96), defendants' response (Doc. No. 99), and plaintiff's reply (Doc. No. 100).

The Court adopts the facts as recited in the Court's Preliminary Injunction Order ("Injunction Order") entered on August 9, 2007 (Doc. No. 44) for purposes of this Order.

## I. PROCEDURAL HISTORY

On December 15, 2006, the National League of Junior Cotillions, Inc. ("NLJC") filed a lawsuit against Christy Porter ("Christy") and the Colorado Junior Cotillion ("CJC") (collectively "the defendants"),[1] alleging claims for copyright and trademark infringement, unfair competition, breach of contract, conversion, unfair and deceptive trade practices, and fraud. The NLJC also requested the issuance of a preliminary injunction. On August 9, 2007, the Court enjoined the

---

[1] The NLJC claims that Bruce Porter is a defendant because he was listed on the docket as a defendant. After the complaint was filed listing Christy and the CJC as the only defendants, no motions were ever filed to add Bruce Porter as a defendant. The NLJC states that defendants joined Bruce Porter as a party on December 12, 2007. However, no docket entry exists for that date. As the NLJC stated in its motion for civil contempt, Bruce Porter is not a party to this lawsuit. (Doc. No. 52 at 2).

1

defendants from using the Parent's Reception Invitation and CJC's emblem for the duration of this action. (Doc. No. 44). The Court also enjoined Christy from competing within the "Restricted Area" for the term provided in the parties' License Agreement. The Fourth Circuit affirmed the Court's Order on appeal. (Doc. No. 94).

On October 19, 2007, the NLJC moved to show cause and for civil contempt of the Injunction Order against defendants Christy and the CJC, as well as Bruce Porter ("Bruce") and Bette Suppes. (Doc. No. 52). The Court found the defendants and Bruce in contempt for violating the Injunction Order. (Doc. No. 93).

On December 10, 2007, in accordance with paragraph 25.01 of the License Agreement, the NLJC filed an arbitration claim with the American Arbitration Association. An arbitrator conducted the arbitration hearing on September 16, 2008; Christy, the CJC and Bruce were present at the arbitration. On November 10, 2008, the arbitrator delivered the arbitration award to the parties. The award states that defendants had violated the non-compete provision of the License Agreement and that defendants had unlawfully infringed upon the NLJC's registered trademark and copyright. (Doc. No. 97-2). The arbitrator awarded the NLJC monetary damages, including $41,242.50 in attorneys' fees.

The NLJC seeks to confirm the arbitration award against the defendants and Bruce. The NLJC also moves for a permanent injunction and for attorneys' fees and costs that were not included in the arbitration award.

## II.   DISCUSSION

### A.   Motion to Confirm Arbitration Award

The NLJC moves pursuant to the Federal Arbitration Act ("FAA") to confirm the arbitration award against the defendants and Bruce. The FAA authorizes courts to enter judgments within one year after an arbitration award is made "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award . . . ." 9 U.S.C. § 9. The federal court's review of an arbitration award is "substantially circumscribed." Three S Del., Inc. v. Dataquick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (quoting Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006)). A district court's authority to review an arbitration award "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all . . . ." Id. (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998)). The court must confirm the arbitration award unless the award is vacated, modified, or corrected pursuant to Section 10 or 11 of the FAA. Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S. Ct. 1396, 1402 (2008) (citing 9 U.S.C. § 9).

The License Agreement between the NLJC and Christy provides that "THE AWARD AND DECISION OF THE ARBITRATOR SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES AND JUDGMENT UPON THE AWARD MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION." (Doc. No. 1-16 at 29). Christy and the CJC were the named respondents in the arbitration award. Defendants do not contest the confirmation of the arbitration award as to Christy and the CJC.

The NLJC also seeks to confirm the arbitration award against Bruce, Christy's husband. Bruce was not a party to the License Agreement, which contained the agreement to arbitrate. He is

not mentioned in the arbitration award, and the NLJC never sought to have the award modified to add Bruce as a respondent. Although he attended the arbitration, the NLJC has not produced any evidence showing that Bruce agreed or intended to submit to arbitration or that he was a party to the arbitration agreement. See MCI Constructors, Inc. v. Hazen & Sawyer, P.C., No. 1:99cv2, 2009 U.S. Dist. LEXIS 37148, at *11 n.7 (M.D.N.C. Apr. 28, 2009) (confirming the arbitration award against a nonsignatory since the party represented to the court on multiple occasions that it was a party to the arbitration agreement). Therefore, the Court grants the NLJC's motion to confirm the arbitration award as to defendants Christy and the CJC, and denies the motion as to Bruce.

### B.     Motion for Summary Judgment as to Injunctive Relief

The NLJC moves pursuant to Federal Rule of Civil Procedure 56 to convert the existing preliminary injunction into a permanent injunction as to defendants' use of the NLJC's trademarked logo and the NLJC's copyrighted Parent's Reception Invitation. The License Agreement allows the NLJC, as Licensor, to seek injunctive relief as a supplement to arbitration:

> [A]s a supplement to arbitration, . . . Licensor, at its option, may obtain in any court of competent jurisdiction any injunctive relief . . . against conduct or threatened conduct for which no adequate remedy at law may be available or which may cause Licensor irreparable harm. Licensor may have such injunctive relief, without bond, but upon due notice, in addition to such further and other relief as may be available at equity or law.

(Doc. No. 1-16 at 29). Two statutes provide additional authority for the Court to enter a permanent injunction. The Copyright Act of 1976 provides that "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of Title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctive relief is also available under the Lanham

4

Act, which states that the courts "shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent a violation under subsections (a), (c), or (d) of section 43." 15 U.S.C. § 1116(a).

In eBay, Inc. v. MercExchange, L.L.C., the Supreme Court reaffirmed the traditional showing that a plaintiff must make to obtain a permanent injunction in any type of case, including a patent or copyright case:

> (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be dissolved by a permanent injunction.

547 U.S. 388, 391 (2006); see also Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007). A permanent injunction will no longer automatically follow a determination that a copyright has been infringed. eBay, 547 U.S. at 393-94 (reversing the Federal Circuit, which had articulated "a 'general rule,' unique to patent disputes, 'that a permanent injunction will issue once infringement and validity have been adjudged'"). Whether to grant a permanent injunction remains in the "equitable discretion" of the Court. Galloway, 492 F.3d at 543.

### 1. Injunction Against Defendants

The Fourth Circuit has recognized that "[i]n Lanham Act cases involving trademark infringement, a presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion . . . ." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 273 (4th Cir. 2002) (although the Fourth Circuit has not explicitly affirmed this approach, it does acknowledge that district courts in this circuit have applied this test). The NLJC has demonstrated that the CJC's logo is likely to confuse consumers into believing that defendants are affiliated with

the NLJC since the CJC's logo is substantially similar to the NLJC's logo. (See Doc. No. 97-2 at 4 (arbitration award's finding that the logos were "substantially similar")).

Irreparable injury also follows from defendants' copyright infringement of the Parent's Reception Invitation. "Irreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." Galloway, 492 F.3d at 544. Money damages would not suffice to remedy the harm to the NLJC's reputation and goodwill. Accordingly, the Court concludes that the NLJC has satisfied the first two eBay factors.

A prohibition placed on the defendants and Bruce that prevents them from illegally infringing on the NLJC's copyrighted material and trademark does not constitute a hardship. Thus, the Court finds that the threatened injury to the NLJC's reputation outweighs the harm, if any, caused to the defendants as a result of the injunction.

`As explained in the Injunction Order, the public has a strong interest in preventing the misappropriation of skills, creative energies, and resources that are invested in a protected work. Therefore, the public interest weighs in favor of enjoining defendants from continuing to infringe on the NLJC's trademark and copyright.

Since all four eBay factors favor entry of an injunction, the Court enjoins the defendants from using the Parent's Reception Invitation and the CJC logo.

### 2. Injunction Against Bruce Porter

The NLJC also seeks to permanently enjoin Bruce, a non-party, from infringing on the NLJC's trademark and copyright. Federal Rule of Civil Procedure 65 provides that an injunction may bind those in "active concert or participation" with the party named in the injunction as long as the non-party receives actual notice of the injunction. Fed. R. Civ. P. 65(d)(2)(C) (an injunction

6

is binding "upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise"). The Court has already found that Bruce was in active concert and participation with the CJC and Christy; Bruce was offering CJC classes and programs using Christy's materials, in violation of the Preliminary Injunction Order. (Doc. No. 83 at 8-9). Therefore, the Court will enjoin Bruce pursuant to Rule 65(d)(2)(C) from using the Parent's Reception Invitation and the CJC logo.

### C.    Motion for Attorneys' Fees and Costs

Plaintiff moves pursuant to the License Agreement, 17 U.S.C. § 505, and N.C. Gen. Stat. § 1-569.25(b) for attorneys' fees and costs incurred during the federal court proceedings. The NLJC seeks attorneys' fees for the instant motions, for the appeal of the Injunctive Order, and for the filing of the complaint and preliminary injunction proceedings.

The parties included a provision for attorneys' fees within the License Agreement:

> Licensor shall be entitled to recover from Licensee reasonable attorneys' fees, plus court costs and all other expenses of litigation, if Licensor prevails in any action instituted against Licensee in order to secure, protect or enforce its rights under this Agreement. An arbitrator shall have the right, subject to any limitations imposed by the agreement to award legal fees and costs. The award shall be conclusive. A party may supplement an arbitrator's award through injunctive relief.

(Doc. No. 1-16 at 28). The License Agreement also states that if the parties submit to arbitration, the arbitrator has the authority to award legal fees and costs and the award shall be binding upon the parties. (Doc. No. 1-16 at 29).

At the arbitration, the NLJC sought an award for all attorneys' fees and costs incurred for the litigation, excluding costs associated with the current motions. The arbitrator awarded attorneys' fees in the amount of $41,242.50. There was no mention in the arbitration award that the $41,242.50

7

only applied to fees relating to the arbitration. After stating the specific amounts to be paid as damages and attorneys' fees, the award states: "All of Claimant's other claims for monetary damages and equitable relief are denied." (Doc. No. 97-2 at 5).

The NLJC did not move to vacate, modify, or correct the arbitration award, and the Court will not allow the NLJC to recover costs that were already determined by the arbitrator in an adjudication that is binding on the parties. Therefore, the Court denies the NLJC's motion for attorneys' fees and costs incurred before the filing of this motion. See O'Brien v. Travelers Prop. & Cas. Ins. Co., 65 Fed. App'x 853, 855 (3d Cir. 2003) (refusing to award additional attorney's fees that were considered and denied by the arbitrator).

The NLJC also seeks attorneys' fees associated with the present motions. These fees were not before the arbitrator. The present three motions were consolidated into one filing. Based on the affidavit provided by counsel for the NLJC, counsel earned a total of $2,576.50 in attorneys' fees for the current three motions. Counsel failed to distinguish between fees which relate to the motions that were granted, the motion that was denied, the motion that was not disputed, and the motion for attorneys' fees. Therefore, the Court denies the motion for attorneys' fees associated with the present motions.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that plaintiff's motion (Doc. No. 96) is **GRANTED IN PART AND DENIED IN PART**, in that:

1. plaintiff's motion to confirm the Arbitration Award is **GRANTED** as to the defendants and **DENIED** as to Bruce Porter;

2. plaintiff's motion for summary judgment as to injunctive relief is **GRANTED**, and

       the defendants and Bruce Porter are hereby enjoined from using the Parent's Reception Invitation and the CJC logo;

3.     the Clerk of Court is directed to send a copy of this Order to counsel for Bruce Porter; and

3.     plaintiff's motion for attorneys' fees and costs is **DENIED**.

Signed: January 7, 2010

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

9